IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JORGE LUIS ALEMAN DUENAS, | |
| Petitioner, | **8:26CV206** |
| vs. | |
| | **MEMORANDUM AND ORDER** |
| TODD BLANCHE, in his official capacity as Attorney General of the United States; TODD LYONS, in his official capacity as Acting Director, Immigration and Customs Enforcement; ALLEN GILL, in his official capacity as Field Office Director of Omaha; ROB JEFFREYS, in his official capacity of Director of Nebraska Department of Corrections; and DEPARTMENT OF HOMELAND SECURITY, | |
| Respondents. | |

This matter is before the Court on Petitioner Jorge Luis Aleman Duenas' petition for a writ of habeas corpus. (Filing No. 1). Aleman Duenas, a noncitizen in removal proceedings, is detained by U.S. Immigrations and Customs Enforcement. He alleges his detention is unlawful because he has not received a bond hearing. For the reasons set forth below, his petition will be denied.

## BACKGROUND

Aleman Duenas is a Cuban[1] national and citizen. (Filing No. 1 at 4). His petition is silent as to how and when he entered the United States, but he was apparently detained by U.S. Immigration and Customs Enforcement (ICE) following a DUI arrest in 2025. (Filing No. 1 at 4).

---

[1] Earlier in the petition, Aleman Duenas alleges he "is a native and citizen of Mexico." (Filing No. 1 at 2). The Court assumes that is a typographical error.

An immigration judge denied his request for release on bond during the pendency of Aleman Duenas' removal proceedings "due to lack of jurisdiction." (Filing No. 1 at 4). Around one month later, Aleman Duenas' application for asylum and withholding of removal was denied. (Filing No. 1 at 4). Aleman Duenas remains in ICE custody in McCook, Nebraska. (Filing No. 1 at 4).

In response, Aleman Duenas seeks habeas relief from this Court. Aleman Duenas alleges his detention is unlawful in that he is currently being mandatorily detained under 8 U.S.C. § 1225(b)(2) and has not been afforded a bond hearing. (Filing No. 1 at 5). He seeks, among other relief, an order "directing the Respondents to provide [him] with a bond hearing within one week." (Filing No. 1 at 10). In Aleman Duenas' view, "[t]he issue is whether [he] should be mandatorily detained under 8 U.S.C. § 1225(b)(2) or under 8 U.S.C. § 1226(a) and therefore be entitled to a bond hearing." (Filing No. 1 at 5). Aleman Duenas also alleges that his detention without a bond hearing "violates well-established principles of procedural due process." (Filing No. 1 at 8).

## STANDARD OF REVIEW

"Habeas is at its core a remedy for unlawful executive detention." *Munaf v. Green*, 553 U.S. 674, 693 (2008). The Constitution guarantees that the writ of habeas corpus is available to every individual detained within the United States. *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const. Art. I, § 9, cl. 2). The Court's jurisdiction to hear habeas challenges extends to immigration-related detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

Under 28 U.S.C. § 2241, a district court can grant a writ of habeas corpus when the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Aleman Duenas bears the burden to show that he is in custody in violation of the law. 28 U.S.C. § 2241(c)(3); *Walker v. Johnston*, 312 U.S. 275, 286 (1941).

## DISCUSSION

28 U.S.C. § 2243 provides that the Court "shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." Here, the face of Aleman Duenas' petition shows he is not entitled to habeas relief. For the reasons stated below, then, the Court will deny his petition without requiring the Respondents to show cause.

2

Aleman Duenas' petition raises two questions: whether he is entitled to a bond hearing on either statutory or constitutional grounds. As it has in similar cases, the Court answers both in the negative. *See Gonzalez-Martinez, v. Blanche et al.*, 2026 WL 1045701 (D. Neb. Apr. 17, 2026); *Boubacar v. Blanche et al.,* 2026 WL 972708 (D. Neb. Apr. 10, 2026).

The Eighth Circuit's decision in *Avila* forecloses Aleman Duenas' statutory argument. That case "concern[ed] the scope of the Government's power to detain aliens under 8 U.S.C. § 1225." *Avila v. Bondi*, 170 F.4th 1128, 1132 (8th Cir. 2026). Section 1225(a)(1) specifies that the statute applies to an alien who is an "applicant for admission." By definition, "[a]n alien present in the United States who has not been admitted or who arrives in the United States . . . shall be deemed for purposes of this chapter an applicant for admission." § 1225(a)(1). "Being 'admitted' does not merely mean being present in the United States; under immigration law, it signifies having made a lawful entry into the country." *Avila,* 170 F.4th at 1133 (citing 8 U.S.C. § 1101(a)(13)(A) ("The terms 'admission' and 'admitted' mean, with respect to an alien, the lawful entry of the alien into the United States after inspection and authorization by an immigration officer.").

A different part of the statute "describes the Government's power to detain" applicants for admission. *Id.* "[I]n the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien *seeking admission* is not clearly and beyond a doubt entitled to be admitted, the alien *shall be detained* for [removal proceedings]." § 1225(b)(2)(A) (emphases added). Unlike "applicant for admission," the phrase "seeking admission" is left undefined in the statute. *See id.* "Thus, taking § 1225(a)(1) and (b)(2)(A) together, the central inquiry is whether an alien who is an "applicant for admission" is also "seeking admission" under § 1225(b)(2)(A)." *Avila,* 170 F.4th at 1133. If they are, "then, generally, any 'alien present in the United States who has not been admitted'"—like Aleman Duenas here—"shall be detained" and is not entitled to a bond hearing. *Id.* (quoting § 1225(a)(1), (b)(2)(A)).

The Eighth Circuit held that the terms are equivalent. It "agree[d] with the Fifth Circuit that the ordinary meanings of the phrases 'applicant for admission' and 'seeking admission' are the same." *Id.* (citing *Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 502 (5th Cir. 2026)). So while a noncitizen remains an "applicant for admission" so long as they are "present in the United States [and] has not been admitted," they are also "presently seeking admission" during this time, regardless of whether they take "any further affirmative steps to gain admittance." *Id.*

3

*Avila* settles the issue of whether § 1225 applies to Aleman Duenas. It does. His petition, though factually sparse, shows he is an "applicant for admission" as that term is defined by statute: "[a]n alien present in the United States who has not been admitted or who arrives in the United States." 8 U.S.C. § 1225(a)(1). At the time of his DUI arrest, he was an "alien present in the United States." *Id.;* (Filing No. 1 at 6, 7). And he "ha[d] not been admitted" because there is no suggestion he "lawful[ly] ent[ered] [the country] after inspection and authorization by an immigration officer." *Id.* § 1101(a)(13)(A). As an applicant for admission, binding Eighth Circuit precedent requires that Aleman Duenas be detained under § 1225(b)(2). *Avila,* 170 F.4th at 1134-35. Thus, the statutory argument he raises in his petition fails.

Aleman Duenas' procedural due process claim fares no better. There is no question the Fifth Amendment entitles him to due process of law in removal proceedings. *Reno v. Flores*, 507 U.S. 292, 306 (1993). But at the same time, the U.S. Supreme Court "has recognized detention during deportation proceedings as a constitutionally valid aspect of the deportation process." *Demore v. Kim*, 538 U.S. 510, 523 (2003). In *Demore,* the Supreme Court reaffirmed its "longstanding view that the [g]overnment may constitutionally detain deportable aliens during the limited period necessary for their removal proceedings." *Id.* at 526. The reason, according to the Court, was that "Congress may make rules as to aliens that would be unacceptable if applied to citizens." *Id.* at 522. "In other words, the government has more flexibility when dealing with immigration." *Banyee v. Garland*, 115 F.4th 928, 931 (8th Cir. 2024). And as an "applicant for admission," Aleman Duenas "has only those rights regarding admission that Congress has provided by statute." *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 105 (2020).

Aleman Duenas has no statutory right to a bond hearing given § 1225(b)(2)'s application to him, as the Court explained above. He "shall be detained" under § 1225(b)(2) and is not entitled to a bond hearing as a matter of procedural due process. *See Jennings v. Rodriguez,* 583 U.S. 281, 297 (2018) (characterizing § 1225(b)(2) as "mandat[ing] detention of applicants for admission until certain proceedings have concluded.").

Aleman Duenas does not grapple with those authorities. Instead, he resorts to the "three-part test" from *Mathews v. Eldridge*, 424 U.S. 319 (1976). (Filing No. 1 at 8). It is true, as Aleman Duenas points out, that deciding what process is due ordinarily requires a form of interest balancing. But cases like *Demore* "leave no room for a multi-factor 'reasonableness' test" and

4

"have already done whatever balancing is necessary" in the detention context. *Banyee,* 115 F.4th at 933. *See, e.g., Demore,* 538 U.S. at 528, (explaining that "when the Government deals with deportable aliens, the Due Process Clause does not require it to employ the least burdensome means," so it is sufficient if "detention necessarily serves the purpose of preventing deportable aliens from fleeing prior to or during their removal proceedings"); *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001) (linking a reasonable time limitation for detention to "the likelihood of removal in the reasonably foreseeable future"). As the Eighth Circuit noted, "the lead *dissent* in *Demore* advocated for the type of 'individual determination' [Aleman Duenas] now seeks, presumably under a *Mathews*-type inquiry." *Banyee,* 115 F.4th at 933 (emphasis in original). *Mathews* is therefore of no help to Aleman Duenas.

In sum, *Avila* forecloses Aleman Duenas' statutory arguments. While *Avila* does not foreclose his procedural due process claim, other Supreme Court and Eighth Circuit precedent does. Thus, Aleman Duenas is not entitled to habeas relief. Accordingly,

**IT IS ORDERED:**

1. Petitioner Jorge Luis Aleman Duenas' petition for a writ of habeas corpus (Filing No. 1) is denied.

2. A separate judgment will be entered.

Dated this 8th day of May, 2026.

BY THE COURT:

Susan M. Bazis
United States District Judge

5